IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.:   1:21-cv-281-STV

EP RESORTS, INC.;
ML PROPERTIES LLC;
M-SQUARED PROPERTIES, LLC,

Plaintiffs,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,

Defendant.

## ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant Travelers Casualty Insurance Company of America ("Travelers") by and through its attorneys, Gordon Rees Scully Mansukhani LLP, submits this Answer to Plaintiff's Second Amended Complaint and Jury Demand pursuant to F.R.C.P. 12(a) and 38.

### JURISDICTION

Plaintiffs' allegations regarding jurisdiction constitute a legal conclusion to which no response is required.  To the extent a response is deemed required, Travelers denies the allegations therein.

### VENUE

Travelers admits that EP is a Colorado corporation with its principal place of business in Larimer County, Colorado.

Travelers admits that ML Properties, LLC is a Colorado limited liability company with its principal place of business in Larimer County, Colorado.

Travelers admits that M-Squared Properties, LLC is a Colorado limited liability company with its principal place of business in Larimer County, Colorado.

Travelers admits that it is a Connecticut corporation with its principal place of business located in Connecticut and that it is duly registered to conduct business within the State of Colorado.

Travelers lacks sufficient information to admit or deny the allegations regarding SkyRun and therefore denies the same.

Plaintiffs' allegations regarding venue set forth a legal conclusion to which no response is required.  Travelers disputes that SkyRun is a proper party to this action which may impact venue.

## PROCEDURE

Travelers lacks sufficient information to respond to Plaintiffs' allegations regarding Procedure but admits that Plaintiffs have file their Second Amended Complaint

## FACTS AND ALLEGATIONS

1.     Travelers admits the allegations set forth in Paragraph 1.

2.     Travelers admits that EP operates Mary's Lake Lodge.  Travelers lack sufficient information admit or deny the remaining allegations of Paragraph 2 and therefore denies the same.

3.     Travelers admits the allegations set forth in Paragraph 3.

4. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 4 and therefore denies the same.

5. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 5 and therefore denies the same.

6. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 6 and therefore denies the same.

7. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 7 and therefore denies the same.

8. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 8 and therefore denies the same.

9. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 9 and therefore denies the same.

10. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 10 and therefore denies the same.

11. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 11 and therefore denies the same.

12. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 12 and therefore denies the same.

13. Travelers admits that it issued Policy No. 680-2C363327 to Plaintiffs.

14. Travelers states that the Policy No. 680-2C363327 speaks for itself.

15. Travelers states that the Policy No. 680-2C363327 speaks for itself.

16. Travelers states that the Policy No. 680-2C363327 speaks for itself.

17. Travelers admits that a fire occurred on or about June 23, 2018.

18. Travelers admits that the June 23, 2018 caused damage to Mary's Lake Lodge.

19. Travelers admits that EP suffered losses as a result of the June 23, 2018 fire. Travelers disputes the amount of such loss.

20. Travelers admits that EP suffered losses as a result of the June 23, 2018 fire. Travelers disputes the amount of such loss.

21. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 21 and therefore denies the same.

22. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 22 and therefore denies the same.

23. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 23 and therefore denies the same.

24. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 24 and therefore denies the same.

25. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 25 and therefore denies the same.

26. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 26 and therefore denies the same.

27. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 27 and therefore denies the same.

28. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 28 and therefore denies the same.

29. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 29 and therefore denies the same.

30. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 30 and therefore denies the same.

31. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 31 and therefore denies the same.

32. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 32 and therefore denies the same.

33. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 33 and therefore denies the same.

34. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 34 and therefore denies the same.

35. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 35 and therefore denies the same.

36. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 36 and therefore denies the same.

37. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 37 and therefore denies the same.

38. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 38 and therefore denies the same.

39. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 39 and therefore denies the same.

40. Travelers lacks sufficient information to admit or deny the allegations set forth in Paragraph 40 and therefore denies the same.

41. Travelers admits that EP suffered losses as a result of the June 23, 2018 fire. Travelers disputes the amount of such loss.

42. Travelers admits that Plaintiffs submitted business income claims to Travelers for evaluation.

43. Travelers admits that it has issued payment to Plaintiffs. Travelers disputes that it improperly calculated the amount of said payment.

44. Travelers admits that Plaintiffs contend they are owed additional amounts. Travelers disputes Plaintiffs' claims.

45. Travelers denies the allegations set forth in Paragraph 45.

46. Travelers denies the allegations set forth in Paragraph 46.

47. Travelers denies the allegations set forth in Paragraph 47.

48. Travelers denies the allegations set forth in Paragraph 48.

49. Travelers denies the allegations set forth in Paragraph 49.

50. Travelers denies the allegations set forth in Paragraph 50.

51. Travelers denies the allegations set forth in Paragraph 51.

52. Travelers denies the allegations set forth in Paragraph 52.

53. Paragraph 53 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers denies violating any duty owed to Plaintiffs including, but not limited to, the duties set forth in subparagraphs (a)-(j).

54. Travelers denies violating any duty owed to Plaintiffs including, but not limited to, the duties set forth in subparagraphs (a)-(j).

55. Travelers denies the allegations set forth in Paragraph 55.

56. Travelers denies the allegations set forth in Paragraph 56.

57. Travelers denies the allegations set forth in Paragraph 57.

## FIRST CLAIM FOR RELIEF

58. Travelers incorporates its previous responses as if fully set forth herein.

59. Travelers states that the insurance policy issued to Plaintiffs speaks for itself.

60. Travelers denies the allegations set forth in Paragraph 60.

61. Travelers denies the allegations set forth in Paragraph 61.

62. Travelers denies the allegations set forth in Paragraph 62.

63. Travelers denies the allegations set forth in Paragraph 63 and the prayer for relief that follows.

## SECOND CLAIM FOR RELIEF

64. Travelers incorporates its previous responses as if fully set forth herein.

65. Travelers denies the allegations set forth in Paragraph 65.

66. Travelers denies the allegations set forth in Paragraph 66.

67. Travelers denies the allegations set forth in Paragraph 55.

68. Paragraph 68 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Travelers denies the allegations set forth therein.

69. Travelers denies the allegations set forth in Paragraph 69.

70. Travelers denies the allegations set forth in Paragraph 70.

71. Travelers denies the allegations set forth in Paragraph 71.

72. Travelers denies the allegations set forth in Paragraph 72.

73. Travelers denies the allegations set forth in Paragraph 73 and the prayer for relief that follows.

### THIRD CLAIM FOR RELIEF

74. Travelers incorporates its previous responses as if fully set forth herein.

75. Travelers admits the allegations set forth in Paragraph 75.

76. Travelers states that the referenced statute speaks for itself.

77. Travelers denies the allegations set forth in Paragraph 77.

78. Travelers denies the allegations set forth in Paragraph 78.

79. Travelers denies the allegations set forth in Paragraph 79.

80. Travelers denies the allegations set forth in Paragraph 80.

81. Travelers states that the referenced statute speaks for itself.

82. Travelers denies the allegations set forth in Paragraph 82.

83. Travelers denies the allegations set forth in Paragraph 83 and the prayer for relief that follows.

### FOURTH CLAIM FOR RELIEF

84. Travelers incorporates its previous responses as if fully set forth herein.

85. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

86. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

87. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

88. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

89. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

90. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

91. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

92. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

93. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

94. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

95. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

96. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

97. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

98. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

99. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

100. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

### FIFTH CLAIM FOR RELIEF

101. Travelers incorporates its previous responses as if fully set forth herein.

102. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

103. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

104. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

105. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

106. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

107. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

108. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

109. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

110. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

111. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

112. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

113. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

114. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

115. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

## SIXTH CLAIM FOR RELIEF

116. Travelers incorporates its previous responses as if fully set forth herein.

117. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

118. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

119. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

120. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

121. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

122. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

123. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

124. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

125. This claim is not asserted against Travelers, has been severed, and no response is required. To the extent a response is deemed required, Travelers lacks sufficient information to admit or deny the allegations and therefore denies the same.

126. Travelers denies every allegations and request for relief not expressly and unconditionally admitted herein.

## DEFENSES

127. Plaintiffs fail to state a claim upon which relief can be granted.

128. Plaintiffs have improperly joined Defendant SkyRun and it should be dismissed.

129. Plaintiffs may have failed to comply with the terms and conditions of Policy No. 680-2C363327.

130. Plaintiffs may have breached the terms of Policy No. 680-2C363327.

131. Plaintiffs' claims may be barred or limited by the terms, conditions, endorsements, and exclusions of Policy No. 680-2C363327.

132. Plaintiffs have concealed material information in violation of Policy No. 680-2C363327.

133. Plaintiffs' claims may be barred or limited by their failure to cooperate.

134. Plaintiffs' conduct entitles Travelers to recovery of amounts previously paid.

135. Travelers reserves the right to add or amend these defenses as discovery proceeds.

## TRAVELERS DEMANDS A JURY TRAIL PURSUANT TO U.S. CONST. AMEND. VII AND FED. R. CIV. P. 38

Wherefore, having answered the Second Amended Complaint, Travelers respectfully requests that this Court dismiss the claims against it, with prejudice, awards it its attorneys' fees and costs, and for such further relief as this Court deems just and proper.

Dated this 4th day of February, 2021.

**GORDON & REES LLP**

 /s/  Gregory S. Hearing II
John M. Palmeri, Esq.
Gregory S. Hearing II, Esq.
555 Seventeenth Street, Ste. 3400
Denver, Colorado 80202
(303) 534-5160
jpalmeri@grsm.com
ghearing@grsm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 4th day of February, 2021.

Stewart W. Olive, Esq.
Daniel L. Sapienza, Esq.
March & Olive, LLC
1312 South College Avenue
Fort Collins, Colorado 80524
stewart@olivelaw.com
dan@marchlaw.com

 /s/  Linda J. Bustos